FILED

UNITED STATES DI  STRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2014 AUG 13  PM 12: 05

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
　　　　　　DEPUTY

| | |
|---|---|
| SCOTTIE JONES; *PLAINTIFF,* | § |
| WITH INTEREST INTERNAL REVENUE | § |
| SERVICE AS A PARTY WITH INTEREST | § |
| DEPARTMENT OF JUSTICE; AS A PARTY | § |
| WITH INTEREST; | § |
| **DEPARTMENT OF JUSTICE ANTI-TRUST** | § |
| AS PARTY WITH INTEREST; MEDICARE; AS | § |
| A PARTY WITH INTEREST | § |
| | § |
| V | § |
| | § |
| **RE: TEXAS COMMISSIONER OF** | § |
| **INSURANCE, Julia Rathgeber,** as a party with | § |
| Interest under the Texas Insurance Code 846.001 | § |
| And duty under the Constitution  of Texas, and | § |
| The Constitution of the United States to refer this | § |
| Case to Attorney General Greg Abbott | § |
| | § |
| V. | § |
| DEFENDENENTS | § |
| CHEVRON PHILLIPS CHEMICAL COMPANY | § |
| LP HEALTH AND WELFARE TRUST; | § |
| CHEVRON CHEMICAL COMPANY LP | § |
| HEALTH AND BENEFIT TRUST VEBA; | § |
| BRENT HEINTZELMAN, TRUSTEE; | § |
| PETER CELLA, CEO; TIMOTHY KEIHL; | § |
| DAVID HEINSOLN, PLAN  ADMINISTRATOR' | § |
| RYAN LANCE, CEO; JEFFREY SHEETS; | § |
| WILLIAM STANLEY, PLAN SPONSOR; | § |
| AETNA INC; JAMES HUGHES III; | § |
| BANK OF NEW YORK  MELLON TRUST CO.; | § |
| K R COPOLYMER COMPANY LIMITED; | § |
| PHILLIPS SUMIKA POLYPROPYLENE CO; | § |
| CHEVRON CORPORATION; | § |
| USW LOCAL 4-227; MICHAEL HARRISON; | § |
| CONOCOPHILLIPS COMPANY | § |
| COMPREHENSIVE DISABILITY | § |
| INCOME PLAN; PAULA A. JOHNSON; | § |
| ACE TEMPEST RE USA LLC; ACE LIMITED; | § |
| PHILLIPS 66 COMPANY; AND | § |
| **ALL KNOWN AND UNKNOWN** | § |

A 14 CV 0761  LY

Cause No.

# SCOTTIE JONES'ORIGINAL PETITION

PLAINTIFF, SCOTTIE JONES, for Scottie Jones a natural person and authorized signatory for plaintiff,

files this Original Petition against AETNA INC., CHEVRON PHILLIPS CHEMICAL COMPANY

LP HEALTH AND WELFARE TRUST, CHEVRON PHILLIPS CHEMICAL COMPANY LP

HEALTH AND BENEFIT TRUST VEBA, BRENT HEINTZELMAN, TRUSTEE, BANK OF NEW

YORK, MELLON TRUST COMPANY, PETER CELLA, CEO OF CHEVRON PHILLIPS

CHEMICAL COMPANY LP., RYAN LANCE, CEO OF CONOCOPHILLIPS COMPANY. DAVID

HEINSOLN, PLAN ADMINISTRATOR, CHEVRON PHILLIPS CHEMICAL COMPANY LP,

WILLIAM STANLEY, PLAN SPONSOR, CHEVRON PHILLIPS CHEMICAL COMPANY LP,

USW Local 13-227. MICHAEL HARRISON, ACE TEMPEST RE USA LLC, as a subsidiary of

ACE LIMITED, JAMES HUGHES III as  Co-Chair OF OCIL and CORPORATE INSURANCE

MANAGER OF ConocoPhillips; TIMOTHY KEIHL, PLAN ADMINISTRATOR,

CONOCOPHILLIPS COMPREHENSIVE DISABILITY INCOME PLAN, and JEFFREY W.

SHEETS, VICE PRESIDENT AND CFO,and as former officer in OCIL, Assistant Treasurer at

Phillips Petroleum Company responsible for the formation of  CHEVRON PHILLIPS CHEMICAL

COMPANY LP, PAULA A. JOHNSON, VICE-PRESIDENT OF PHILLIPS 66 COMPANY  and

PHILLIPS 66 COMPANY, and in support thereof would respectfully show the Court the following;

## A. Parties

1.1 SCOTTIE JONES, files this action for the natural person Scottie Jones, a STATE NATIONAL of

the State of Texas, and Harris County Texas, who is under the authority of the Attorney General of

Texas

1.2-1. DEFENDANTS, CHEVRON CHEMICAL COMPANY LP HEALTH AND WELFARE TRUST;

1.3 CHEVRON PHILLIPS CHEMICAL COMPANY LP HEALTH AND BEBEFIT TRUST VEBA

and the

1.4 BANK OF NEW YORK, MELLON TRUST COMPANY are foreign corporations and Trust (s), and

a resident of Pittsburg, Pennsylvania and New York, operated for the purpose of accumulating monetary

profit, and pursuant to Texas Insurance Code Chapter 804, Subchapter B section 804.103 804.103 (C)

(1) and the Texas Insurance Code 846.001,et,seq and especially 846.051-846.061, 15 USC 15 Section C

(a) et. seq and other violations of the Texas Insurance Code as it related to during the business of

insurance without proper authority from the Commissioner of insurance, may be served with the process

of service at the Bank of New York Mellon address in Pittsburg, PA.

804.103(c) (1), and Texas Insurance Code 846.001 et.seq,, 846. 055- 846.061, and other sections under

the same title may be served with service of process upon the Texas Commissioner of Insurance, 333

Guadalupe, Austin Texas 78701 as agent of for Defendant Chevron Phillips Chemical Company LP,

with the Commissioner by forwarding a copy of the process by registered mail, return receipt requested,

to the Trustee, Bank of New York.

1.5 DEFENDANT, ACE LIMITED, is a foreign corporation, a resident of  Bermuda. , operated for the

purpose of accumulating monetary profit, and pursuant to Texas Insurance Code Chapter 804,

Subchapter B   section  804.103(c)(1), 15 USC 15 Section C (a) , an may be served with service of

process upon the Texas Commissioner of Insurance, 333 Guadalupe, Austin Texas 78701 as agent of for

Defendant Ace Limited, with the Commissioner the forwarding a copy of the process by registered mail,

return receipt requested, to *Ace Limited, Mark Megaw, Director of  Reinsurance  Litigation, Two*

*Stamford Plaza, 281 Tresser Blvd Suite 500,Stamford , CT. ACE LIMITED  did business in Texas with*

*Chevron Phillips Chemical Company LP .Ace Limited has refused to answer previous*

*Petition in district court in Harris County,*

1.6 DEFENDANT, OIL CASUALTY INSURANCE LIMITED is a foreign corporation, a resident of

Hamilton Bermuda., operated for the purpose of accumulating monetary profit, and pursuant to Texas

Insurance Code Chapter 804, Subchapter B   section  804.103(c)(1) , and  846.001, 15 USC 15 § ( C )

(a) and its subparts 846.05,- 846.061 may  be served with service of process upon the Texas

Commissioner of Insurance, 333 Guadalupe, Austin Texas 78701 as agent of for Defendant OIL

CASUALTY INSURANCE LIMITED (OCIL) with the Commissioner the forwarding a copy of the

process by registered mail, return receipt requested to, Attorney Ronald Tiger. (OCIL did business with

Chevron Phillips Chemical Company LP contrary to affidavit statements made by affiant Thomas Henke

as provided in federal court by Mr. Tigner).OCIL is being sued as the reinsurer of ChevronPhillips

Chemical Company LP parent ChevronPhillips Chemical Company LLC. DEFENDANT  OCIL is also

 sued for its actions in previous case 4:13-CV-00554.

1.6   DEFENDANT, ACE LIMITED, is a foreign corporation, a resident of Switzerland, operated for

the purpose of accumulating monetary profit, and pursuant to Texas Insurance Code Chapter 804,

Subchapter B section 804.103(c) (1), Texas Insurance Code 101.102, and 846.051-846.061, and may be

served with service of process upon the Texas Commissioner of Insurance, 333 Guadalupe, Austin

Texas 78701 as agent of for Defendant Ace Limited, with the Commissioner the forwarding a copy of

the process by registered mail, return receipt requested, to Ace Limited, of which the Commissioner has

the address for service. ACE LIMITED has refused to answer and appear for previous court summons.

Plaintiff is requesting that a bench warrant to be put in force to require defendant to show up in court.

1.7  DEFENDANT CHEVRON CORPORATION, a Pennsylvania corporation with its principle place

of business at: 6001 Bollinger Canyon Road, San Ramon, California 94583. Pursuant to The Texas

Insurance Code 101.102, and 846.001,et seq,846.051-846-061, and 15 USC 15  ( C ) (a), et seq, and may

be served to it registered agent Prentiss-Hall CorporationSystem,104 N. Main Street, Barre, Vermont,05634

1.8 DEFENDANT AETNA INC. is a resident of Hartford, CT. operated for the purpose of accumulating monetary profit and pursuant to the Texas Labor Code Chapter 804 section 804.103 ( c ) (1 ), 846.001, 846.851-846.061, and 15 USC 15 Section ( C ) (a), et. seq. maybe served with its registered agent CT Corporation System, One Corporate Center, Hartford Ct. 06103.

1.9 PHILLIPS 66 COMPANY, a resident of Texas, operated for the purpose of accumulating monetary profit in and before 1981 under the name Phillips 66 Company, and at the time a non-registered name in Texas, and again under Phillips 66 COMPANY using a different EIN number, may be served with the process of service to its registered agent Registered Agent United States Corporation Company, 211 East 7th Street, Suite 620, Austin, Texas.

1.10 DEFENDANT TIMOTHY KEIHL, PLAN ADMINISTRATOR for the party to the suit **ConocoPhillips Comprehensive Disability Income Plan**, an unregistered plan in Texas, based in Bartlesville, Ok., and pursuant to, and pursuant to Texas Insurance Code Chapter 804, Subchapter B section 804.103(c) (1), 101.102, and may be served with service of process upon a copy of the process at his place of employment at ConocoPhillips Company 1490M Plaza Office Bldg. ,Bartlesville, OK. 74004.

1.11 DEFENFENDANT RYAN LANCE CEO for the ConocoPhillips Comprehensive Disability Income Plan, an unregistered plan in Texas, based in Bartlesville, Ok. and as part of its interest as former and present owner of Chevron Phillips Chemical Company LP, Phillips 66 Company and Defendants pursuant to Texas Insurance Code Chapter 804, Subchapter B section 804.103(c) (1),846.001,846.051-846.061, and 15 USC 15 ( C )(a) et. Seq,846.001 et.seq 846.051-846-061 and may

be served with service of process upon by forwarding a copy of the process 600 Diary Ashford, Houston, Texas. (Place of employment)

1.12   JEFFREY   SHEETS,   TREASURER   AND   VICE-PRESIDENT   OF   CONOCPHILLIPS COMPANY, and former officer in OCIL, and former Assistant Treasurer for ChevronPhillips Chemical Company LP,  and former officer and fiduciary in OCIL, ChevronPhillips Chemical Company LP benefits plans, and ConocoPhillips benefit plans, and in his dual role as an executive of two companies and pursuant to Texas Insurance Code Chapter 804, Subchapter B section 804.103(c) (1), Texas insurance Code 846.001 et,seq and especially 846.51-846.061 and 15 U.S.CODE 15 (C) et,seq, and may be served with service of process for ConocoPhillips Comprehensive Disability Income Plan, an unregistered plan in Texas, based in Bartlesville, Ok., and pursuant to, and pursuant to Texas Insurance Code Chapter 804, Subchapter B section 804.103(c) (1),ad the above mentions laws, and may be served with service of process upon by forwarding a copy of the process at ConocoPhillips Company, 600 Diary Ashford, Houston, Texas.

1.13 DEFENDANT JAMES F. HUGHES III, AS CO-CHAIRMAN OF OCIL and simultaneously servicing as CORPORATE INSURANCE MANAGER FOR CONOCOPHILLIPS COMPANY, and as affiant Thomas Henke's superior in Bermuda, as corporate insurance manager for all of ConocoPhillips's insurance plans and ConocoPhillips part ownership in ChevronPhillips Chemical Company LP Health and Welfare Plan, affiliated trusts,  and in his fiduciary duties as it relates to and pursuant to Texas Insurance Code Chapter 804, Subchapter B section 804.103(c) (1), Texas Insurance Code 846.001, et,seq and especially 846.051-846.061, 15 U.S.Code 15 c et,seq. and may be served with service of process upon the Texas Commissioner of Insurance, 333 Guadalupe, Austin Texas 78701 as agent of for , with the Commissioner the forwarding a copy of the process by registered mail, return receipt to ConocoPhillips Company 600 Diary Ashford, Houston, Texas,

1.14  DEFENDANT, ACE TEMPEST RE USA LLC, is a foreign corporation, a resident of Switzerland, operated for the purpose of accumulating monetary profit, and pursuant to Texas Insurance Code Chapter 804, Subchapter B section 804.103(c) (1), Texas Insurance Code 101.102, and 846.051-846.061, and may be served with service of process upon the Texas Commissioner of Insurance, 333 Guadalupe, Austin Texas 78701 as agent of for Defendant Ace Limited, with the Commissioner the forwarding a copy of the process by registered mail, return receipt requested, to .

*Ace Tempest USA Re LLC , Mark Megaw, Director of Reinsurance  Litigation, Two Stamford Plaza, 281 Tresser Blvd Suite 500,Stamford , CT.ACE TEMPEST RE USA LLC   did business in Texas as Ace Tempest RE USA LLC*  by creating A Reinsurance Intermediary Manager Contract has refused to answer previous Petition to show up  in district court in Harris County district court.

1.15 DEFENDANT USW LOCAL 13-227, as former OCAW Local 4-227. PACE Local 4-227    and DEFENDANT MICHAEL HARRISON TREASURER for illegitimate labor union group may be served at the location of the union hall at 704 E. Pasadena Freeway. Pasadena, Texas.

1.16 DEFENDANT, DAVID HEINSOLN, AS PLAN ADMINISTRATOR for the Chevron Phillips Chemical Company LP Health and Welfare Benefit Plan, an unauthorized and uncertified health plan operated in the state of Texas as part of an un-authorized and certified Multiple Employer Welfare Arrangement pursuant to the Texas Insurance Code 846.001 et,seq to 846.051 -846.061, 15 U. S. Code 15 § ( C ) (a) and 101.102,  may be served the process of service at his place of employment at 10001 Six Pines, The Woodland, Texas.

1.17 DEFENDANT,WILLIAM STANLEY, AS PLAN SPONSOR, for the Chevron Phillips Chemical Company  LP Health and Welfare Benefit Plan, an unauthorized and uncertified health plan operated in

the state of Texas as part of an un-authorized and certified Multiple Employer Welfare Arrangement pursuant to the Texas Insurance Code 846.001 et,seq to 846.051 -846.061, 15 U. S. Code 15 § ( C ) (a) and 101.102,  may be served the process of service at his place of employment at 10001 Six Pines, The Woodland, Texas.

### DISCOVERY  PLAN

*Discovery plan is under Texas Rule of  Civil Procedure Level II*

### VENUE AND JURIDICTION

2.1 Venue is proper as to events occurring in Travis County Texas, and various counties in Texas. In addition, the Texas Insurance Code violations at issue at 846.051- 846.061, along with federal anti-trust laws at 15 U.S. Code 15 (c) et,seq, allows Scottie Jones as a natural person, was as a nominal party to the named trusts, and subsequently became a beneficiary to the  trust(s) created by Defendants Phillips Petroleum Company, Chevron Corporation and Chevron Phillips Chemical Company LP.  The Attorney General of Texas is the *parens patriae* for the natural person *Scottie* Jones. For example (see Gary Bogle v. Phillips Petroleum and Phillips 66 Company No. 93-2106 where the now AG served as *parens patriae for Plaintiff Gary Bogle.*

### FACTUAL BACKGROUND

3.1 Plaintiff in this case was an employee of Phillips Petroleum Company on  March 27, 2000, and was injured on the job in a fire and explosion at the Defendants' Houston Chemical Complex, in Pasadena, Texas. Plaintiff is currently receiving disability benefits from Medicare.

3.1.1 Plaintiff has reported to Medicare the responsible reporting (RRE). ( Excluding the Trust(s) entities).

3.1.2  Currently, Medicare has no report of injured reported by DEFENDANTS, DEFENDANTS ATTORNEYS, both present and past, of any injury claims for March 27, 2000 for plaintiff as required under several federal laws.

3.2 In 1952 Oil, Chemical, Atomic Workers (OCAW) and Phillips 66 Company agreed on a working agreement, or what's formally called a collected bargaining agreement. (CBA). In ensuing years, Phillips 66 Company would be used to settled OSHA settlements, and grievances. In 1991, Plaintiff work history was sent to the Social Security Administration system as an employee of Phillips 66 Company.

3.3 In 1996, the working agreement would change to Phillips Chemical Company instead of Phillips 66 Company in contract with OCAW.

3.4 However, Phillips  66 Company, along with the Phillips 66 logo, would still be used on "union" and Company documents.

3.5 In 2011, Phillips 66 Company would legally form a Delaware company with a different EIN from the EIN used years before in 1981-1986.

3.6 According to documents filed with the Security and Exchange Commission, (SEC). Phillips 66 was only a brand name prior to the 2011 formation of Phillips 66 Company.

3.7 Documents filed in a court case, and verified by Phillips Petroleum Company (ConocoPhillips) officers, "Phillips Chemical Company" is not and was not at any relevant time a corporation or distinct legal entity. Instead "Phillips Chemical Company" was a trade name used by Phillips Petroleum Company (now known as ConocoPhillips Company).As such, Phillips Chemical Company owned no property, operated no refineries and employed no workers,".

3.8 Consequently, "union dues collected by way of payroll deduction is considered by plaintiff as stolen or embezzled property under the Texas penal code for both Phillips 66 Company and Phillips Chemical Company.

3.9 Even more, Phillips Petroleum Company, Chevron Corporation, and Chevron Phillips Chemical Company LLC would file documents to the SEC stating individually that neither of the parties were part of a collected bargaining agreement, The documents would also state that "there does not now exist, nor do any circumstances exist that could result in, any Controlled Group liability that would be a liability of any of the C Chem subsidiaries....P Chem and C Chem were the names of the holding companies during the merger between Phillips Petroleum Company and Chevron Corporation prior to the closing date of the formation of Chevron Phillips Chemical Company LLC and Chevron Phillips Chemical Company LP. on July 1, 2000

3.10 According to SEC files, in 1994, Phillips contributed it polypropylene assets to Phillips Sumika Polypropylene Company (PSPC), a partnership formed in 1992

3.11 Phillips and Sumika Polymers America Corporation (Sumika) Sumika funded the construction of a new PSPC polypropylene facility at HCC". (Houston Chemical Complex) The construction was finished in 1996 for the Phillips Sumika Polypropylene Company facility located at 1400 Jefferson Road.

3.12 1996 is the same year of the new "CBA" between Phillips Chemical Company and OCAW. Phillips Chemical Company replaced Phillips 66 Company in the phony CBA.

3.13 Plaintiff paid payroll deducted "union dues" from 1980 to 2002.

3.14 Further, in the mid-nineties Phillips Petroleum would merge with Daelim Industrial Limited of Korea to form K R Copolymers Limited. (K-Resin as the brand name) produced and operated at 1400 Jefferson Rd. in Pasadena, Texas.

3.15  For the sake of the Form 5500 report to Internal Revenue Service, (IRS), and the IRS Form 990 filing, PSPC and K R Copolymers Limited were not consolidated, because CPC did have majority voting control according to SEC filings.

3.16 The Chevron Philips Chemical Company LP Health and Welfare Trust IRS 2012 Form 990 list only one voting member, the Chevron Phillips Chemical Company LP SEC filing list five members.

3.17 Now, the stage is set for the July 1, 2000 merger between Chevron Corporation (Chevron) and Phillips Petroleum Company. Both companies would contribute certain worldwide employees to Chevron Phillips Chemical Company  LP.

3.18 Looking back through recently discovered 5500 forms, IRS Form 990, letters and statements from former "union officers", SEC filings, and the affidavit by ConocoPhillips offshore counselor/affiant Thomas Henke, opened  a Pandora's box that  would reveal the basis for this cause of action.  Claims against USW Local 13-227 are not involved with the illegal trust per se.

3.19  Chevron Phillips Chemical Company LP, Phillips Petroleum Company (Phillips) Phillips Sumika Polypropylene Company Limited, K R Copolymers Company Limited, and Phillips 66 Company were involved in an unauthorized and illegal multiple employment welfare arrangement (MEWA) under the current Texas Insurance Code 846.001, 846.053, 846.054, 846.55 and 846.061.,and 15 USC 15 C.

3.20  An investigation concerning the pensions accrued under Phillips 66 Company, and the recently discovered pension created for workers who contributed to the illegitimate union needs to be address by the Attorney General on the federal level.

3.21 The insurance benefits collected from the workers at K R Copolymers, Phillips Sumika Polypropylene Company, and Chevron Phillips Chemical Company LP that eventually became trust(s) assets, were traded on the stock market before any profits sharing programs were initiated in 2006.

3.22 All union dues used for tax deductions should be considered fraudulent and stolen property all the way back to 1952.

3.23 There are numerous Medicare, labor, tax, Title 31, 15 USC and 18 USC federal issues can be brought forth, however, Plaintiff is requesting the Commissioner of Insurance, under the office authority under Texas constitutional, submit to the Attorney General, under his state and federal sworn to duty, as parens patriae for plaintiff to resolve the issues.

3.24 Chevron and Phillips, through a transfer agreement, would transfer its worldwide workforce, in part, to Chevron Phillips Chemical Company LP without notification to the affective employees in the "arrangement" as required by federal law. (Keeping in mind that Phillips Petroleum Company, K R Copolymers and Phillips Sumika Polypropylene Company were already operating a MEWA).

3.25  Without any written or verbal disclosure and notice of the material facts of the transfer,   the newly transferred employees would become part of the new unauthorized and illegal Chevron Phillips Chemical Company LP Health and Welfare Trust and the Chevron Phillips Chemical Company Health and Benefit VEBA.

3.26 Defendants apparent took the" Phillips Chemical Company's" Unavoidable Absence Benefit (UAB) form signed by injured workers, the treating physician and company official,(a request for off duty pay document) as a security document to Bermuda and received payment.

3.27 Defendants United States person(s) were awaiting the transferred payment to reach Phillips Treasury Department to pay injury claims.

3.28 Defendants actions jointly and severally are anti-trust anti- trade, anti- consumer, and done to gain an unfair competitive advantage in commerce and anti-consumer.

3.29 Considered from the international trade aspect, Watergate and Enron scandal pales in comparison.

3.30   Effective January 1, 2001. Plaintiff and other transferred employees would become part of the Chevron Phillips Chemical Company LP Health and Welfare Plan. Remember, with no *bona fided* union in the process, Controlled Group Liability or recognized association established, all tax returns, LM-2's are believed to be fraudulent

3.31   Chevron Phillips Chemical Company LP receive approval through a letter of determination from the IRS  to pay benefits and form a trust (s) in October of  2001. (only a few weeks before the tax exempt UQA"s were approved in court).

3.32 Plaintiff and other injured workers would contribute to the Chevron Phillips Chemical Company LP Health and Welfare Plan, and intentionally not be informed about the Trust capabilities to pay long term disability and long term settlements.

3.33  Plaintiff contributed to the Chevron Phillips Chemical Company LP Health and Welfare Plan for nearly one and a half years before being administratively terminated in May 0f 2002.

 trust, and claim to be the sponsor.

3.34 Phillips and Chevron Phillips Chemical Company LP paid tax exempt settlement claims to company, "union", and non-union employees who were injured in the March 27, 2000 explosion and fire at the HCC.

3.35 Defendants would not to disclose existence and the liability of the trust(S)  would not be revealed to plaintiffs and other injured workers when given the opportunity in district court, workers compensation hearings, and federal court disclosures.

3.36 The recipient of the Uniform Qualified Assignments would receive Long Term Disability benefits (LTD), over seven years of workers compensation, and enhanced short term disability pay.

3.37 According to a sworn to Affidavit by Oil Casualty Insurance Limited (OCIL) legal representative Thomas Henke, Phillips (ConocoPhillips) would file a claim and send certain document to Bermuda to OCIL.

3.38 The affidavit would state ( # 7.)  that OCIL would "make a decision and reimburse ConocoPhillips the sum of  Fifty Million Dollars ( $50,000,000),  pursuant to the terms of the excess policy of insurance issued by OCIL to ConocoPhillips. This information was based on documents provided to OCIL in Bermuda."

3.39 In numbered statement 8.Affiant Henke OCIL issued payments to ConocoPhillips by wiring funds from OCIL's account in Bermuda to ConocoPhillips bank account in New York, New York.

3.40 In line 10, Affiant would state "that OCIL does not engage in business in the state of Texas." Chevron Phillips Chemical Company LP parent, and of course Chevron and ConocoPhillips is and was a part of OCIL.

3.41 Defendant James Hughes as co-chairman of OCIL in 2013. was an officer in the offshore insurance company, and Corporate Insurance Manager of ConocoPhillips.

3.42 Phillips would fund the Uniform Qualified Assignments through its treasury department in documents dated October 23, 2001.

3.43 This is the business of insurance in violation of the Texas Insurance Code 101.102, and not limited to other section of the Texas Insurance and Penal Code..

3.44 The Texas Attorney General office and Commissioner were party to the federal case, and has access to the statements made by Mr. Henke.

3.45 Defendants in conjunction with Chevron Phillips, Chevron Corporation, ConocoPhillips (Phillips Petroleum Company), and the Chevron Phillips Chemical Company LP Health and Welfare Trust, the

Plan Administrators, the Trustee and the managers of the trust paying injury claims, are doing the business of insurance in violation of the Texas Insurance Code. .

3.46 The commissioner was served and became a party to the suit. The federal Judge dismissed the case, along with three other defendants WHO NEVER APPEARED in District court, along with the Commissioner.

3.47  Defendant Oil Casualty Insurance Limited along with several other reinsurers, underwrites both ConocoPhillips Company and self-insured Chevron Phillips Chemical Company LP parent company in Bermuda.

3.48 Defendants ACE TEMPEST RE and ACE LIMITED, according to Harris county printed logs, never answer the process service by the Commissioner of INSURANCE office in cause number 2012-73083.     .

3.49 In federal court, the Commissioner had access to the information that ACE LIMITED and ACE TEMPEST RE were dismissed after never appearing in District court.

3.50 In a similar case The 'ACE' defendants attempted circumvent the court procedure by not answering the process service, and would join in on another defendants request for dismissal.

3.51 Defendant Phillips 66 Company deceitfully filed documents to the Social Security Administration

 3.52 Defendants reported only one voting member on the Internal Service Form 990.

3.53 Defendant misappropriated plaintiff labor as a form of theft.

3.54 Defendants received claims payments from Bermuda OCIL bank account are **tax exempt**.

3.55 Defendants paid injury claims to workers injured in the March 27, 2000 fire and explosion with **tax exemption** under the IRS Code.

3.56 Defendants, joint and severally paid Qualified Assignment Assignments with **tax exemption** to workers injured in the March 27, 2000 fire and explosion at the Houston Chemical Complex.

3.57 Defendants paid workers compensation benefits by way of payroll deduction to workers injured in the March 27, 2000 with **tax exempt** status.

3.58 Defendants joint and severally paid Uniform Qualified Assignment with tax exemption after receiving approval from the Internal Revenue Service to form a trust, and to pay employee benefits with tax exempt status.

3.59 Defendants, from 1980 to 2002, misappropriated Plaintiff "union dues" when Defendants knew that a bona fide union did not exist.

3.60 Defendants jointly and severally stole insurance premiums from Plaintiff and other similarly situated workers from 1981 to 1995.

3.61 On August 1, 2014, Plaintiff called the Medicare care contractor and learned that a fraudulent settlement of $6600.00 had been reported to Medicare on **02/14/2014. Without my knowledge and consent!**

3.62 Now, on 02/14/2014, the Texas Department of Insurance records department had no responsive answer for the ChevronPhillips Chemical Company Trust, and the USW Steelworkers Pension Trust.

3.63 Incidentally, the alleged settlement occurred

3.63 No union, no pension. Contact the retired workers who thought that they had *a bona fided union.*

3.64 The statements made as to the factual background contained in the lawsuit is supported by the attached Affidavit of Facts, sworn to on information and belief by Plaintiff / affiant. Up on receipt of process service, each defendant is given 20 days to answer the affidavit line by line. The Attorney General as permitted by law, may add additional parties to the suit.

 The Federal Ant-Trust Division of the Justice Department as well as the other attorney generals should be notified of the anti-trust litigation.

As parens patriae for plaintiff, the Attorney General is asked to perfect any claims made by Plaintiff.

# FIRST CAUSE OF ACTION-<u>CIVIL CONSPRIRACY IN VIOLATION OF THE  TITLE 18 U S SECTION 664 OF THE US CRIMINAL CODE AND TITLE 18 SECTION 1027</u>

Plaintiff  re-alleges and incorporate each allegation contained in paragraph 3.1- 64, along with the facts contained in the attached affidavit as if fully set forth herein;

4.1 DEFENDANTS jointly and severally, through Chevron Phillips Chemical Company LP Health and Welfare Plan operating as an unauthorized Multiple Employer Welfare Arrangement, (MEWA) conspired to joined Phillips on the UQA to fund the tax exempt settlement for the March 27, 2000 fire and explosion the Houston Chemical Complex, while knowingly omitting other eligible claimants.

4.2 DEFENDANTS jointly and severally, had outside attorneys actually file and pay filing fees for plaintiff in one death case, and four plaintiffs in injury cases in relationship to the March 27, 2000 explosion and fire.

4.3   DEFENDANTS jointly and severally conspired with and paid four UQA recipients $10,000 to keep the settlements confidential or it would bring harm to **both companies**; (emphasis added)

4.4 DEFENDANTS jointly and severally conspired to have its attorneys claims that workers compensation was the exclusive remedy under which Plaintiff could recover damages for injuries sustained in the March 27, 2000 explosion and fire at the Houston Chemical Complex.

4.5 DEFENDANTS jointly and severally, as Phillips Petroleum Company, Chevron, Chevron Phillips Chemical Company LP and their official and fiduciaries encouraged Plaintiff apply for Long Term

Disability with Met Life, when Defendants knew that Chevron Phillips Chemical Company had accepted liability to pay LTD and settle claims;

4.6 DEFENDANTS jointly and severally, conspired with its insurer who is a subsidiary of ACE LIMITED, to have its adjuster report to Medical an incorrect injury date for Plaintiff.

4.7 The commissioner and Attorney General can testify and attest to OCIL and Ace Limited failure to answer the petition in 2012-73083, but ended up being dismissed in federal court in furtherance of the conspiracy.

4.8 The Commissioner Of Insurance and Attorney General can attest to the fact that Phillips Unavoidable Benefit Plan (UAB ) and Pacific Employers Insurance Company policy was not in Texas records. (See Pacific Employers Insurance Company v, Eddie O'Brien)

4.9 DEFENDANTS ACE LIMITED and OCIL jointly and severally, as part of the "ACE Group affiliates," who systematic and blatant disregard of due process, by not answering "ORIGINAL PETITIONS", and showing up later to join in on the dismissal is a scar on the justice system.

4.10 DEFENDANTS, jointly  and severally,(BRENT HEINTZMAN,WILLIAM STANLEY, DAVID HEINSOLN,PETER CELLA, JAMES HUGHES III, MICHAEL HARRISON, JEFFREY SHEETS, RYAN LANCE failed to perform  a duty required by law, participated in a civil conspiracy to the physical and mental detriment of Plaintiff;

4.11 DENFENDANTS, jointly and severally conspired with their officers and others to keep the results and provisions of the binding settling agreement with OSHA from plaintiff and all of the injured workers eligible to settle.

4.10 DEFENDANTS OCIL conspired with ACE Limited and another affiliate of the " ACE GROUP" to enter the legal process without answering Plaintiff original the petition in Plaintiff previous litigation, and eventually end up being removed in the federal court.

4.11 (OCIL insured Chevron Philips Chemical Company LLC, the Parent company to Chevron Phillips Chemical Company LP.)

4.12 OCIL sent funds to "Phillips" to settle injury claims;

4.13 Court document filed in court by a "former defendant" would claim that Plaintiff case against Phillips had been settled in a binding settlement agreement.

4.14 DEFENDANTS jointly and severally, conspired to knowingly withhold material facts that were relevant to DEFENDANTS liabilities in regards to settling injury claims for the March 27, 2000 fire and explosion at the Houston Chemical Complex;

4.15 DEFENDANTS jointly and severally conspired to have Phillips Sumika and K R Copolymer Company facilities destroyed and removed.

4.16 DEFENDANTS jointly and severally, recreated Phillips 66 Company in 2011.(started to trade on May 1, 2012 with a new EIN number.

4.17 DEFENDANTS jointly and severally submitted ConocoPhillips as Plaintiff employer in 1980, and Phillips 66 Company as Plaintiff employer with a different EIN number than the EIN presented in 2011.

4.18 DEFENDANTS jointly and severally knew that Phillips 66 used interchangeably as a company and a brand name, was only a brand name until 2011.

4.19 DEFENDANTS conduct caused Plaintiff to suffer both economic, mental anguish, physical pain and suffering and theft of property caused by the events occurring on March 27, 2000 at he Houston Chemical Complex fire and explosion; THE ABOVE CLAIMS ARE UNDER U.S. CODE 18 SECTION 664 AND SECTION 1027, PROSECUTABLE BY THE U S ATTORNEYS OFFICE.


## SECOND CAUSE OF ACTION- MONEY HAD AND RECIEVED

5. 1 Plaintiff re-alleges and incorporate each allegation contained in paragraph 3.1- 64,4.1-19,and along with the facts contained in the attached affidavit as if fully set forth herein;

DEFDANTS Phillips Petroleum Company, CPCHEM and Chevron, as 50% owner of CPCHEM, jointly and severally knew that Phillips had received insurance funds to settle injury claims.( Attorney General and Commissioner of Insurance was party to OCIL affiant statements concerning reimbursement to ConocoPhillips in federal court .

5.2 DEFENDANTS, jointly and severally, and as part of the illegal, unauthorized and unlawful Chevron Phillips Chemical Health and Welfare Trust, and Chevron Chemical Company LP Health and Benefit Trust VEBA saw a clear distinction in the types of injuries.

5.3 DEFENDANTS Phillips, CPCHEM, and Chevron plan administrators, fiduciaries and officer's jointly and severally knew that money obtained in equity and good conscience belongs to the plaintiff and other workers injured in the March 27, 2000 explosion and fire at the Houston Chemical Complex.

5.4 DEFEDANTS Chevron Phillip Chemical Company LP knew that insurance settlements and funds obtained from Phillips, along with its acceptance to indemnify Phillips Petroleum Company rightfully and in good conscience belongs to Plaintiff and other workers injured in the March 27, 2000 fire and explosion.

5.5 DEFENDANTS attorneys in federal court proceeding admitted that defendants paid claims to the gentlemen who received the UQA's, and the same attorney stated that "company (defendant) made a distinction in how it was paying claims.

5.6 DEFENDANT received monetary profits from investments returns made by Chevron Philips Chemical LP Health and Welfare Trust.

5. 7 DEDENDANTS knew that part of the profits immediately belongs to the employee contributors of the trust(s);

5.8 DEFENDANTS CHEVRONPHILLIPS CHEMICAL COMPANY LP AND PHILLIPS PETROLEUM COMPANY are two sources of injury settlements for the March 27, 2000 fire and explosion.

5.9 DEFENDANTS jointly and severally, knew that provisions of the trust(s) were created to pay injury settlements and Long Term Disability benefits.

5.10 Plaintiff is requesting the court have DEFENDANTS provide a fidelity bond of 2 billion dollars, since some of DEFENDANTS are foreign corporations and have already stated that Texas "long reach" is to short. (Also, Texas is owed fees and premium taxes)

# THIRD CAUSE OF ACTION-VIOLATION OF THE TEXAS LABOR CODE: MULTIPLE EMPOLYER WELFARE ARRANGEMENT 846.051,846. THRU 846.061 et seq, S 801.051 AS IT RELATES TO THE SHERMAN ANTI-TRUST ACT 15 U.S. SECTION 15c and its subparts

6.1 Plaintiff re-alleges and incorporate each allegation contained in paragraph 3.1-64 5.1, along with the facts contained in the attached affidavit as if fully set forth herein;

6.2 DENFENDANTS, jointly and severally, established and maintained a multiple employer welfare arrangement without obtaining a certificate of authority in violation of Texas Labor Code Section 846.051.

6.3 DENFENDANTS, jointly and severally, operated as an insurer, failed to understand that TEX. INS. CODE ANN Section 801.051 requires a certificate of authority to act as an insurer as that term is defined in TEX.INS. CODE ANN, Section 801.001.

6. 4 DEFENDANTS, jointly and severally, failed to obtain a certificate of authority required to conduct or engage in the business of insuring risk in or from TEXAS PURSUANT to TEX. INS. CODE ANN., and Texas Administrative Code Sections 101.004 and 101,053.

6.5 DEFENDANTS, jointly and severally, failed to obtain a certificate of authority for two separate trust named in the petition in violation of 846. 051-846.055 of the Texas Insurance Code in its relationship to 15 USC 15 C, (a) and subparts.

6.6 Defendants jointly and severally, by funding. receiving, insurance settlements, and paying injuring claims outside the authority of the Commissioner of Insurance, was doing the business of insurance in violation of the Texas Insurance Code Section 101.102.

## FIFTH CAUSE OF ACTION- FRAUD CHAPTER 32.01 ET ,SEQ

 Plaintiff re-alleges and incorporate each allegation contained in paragraph 3.1-64, thru 6 .6, along with the facts contained in the attached affidavit as if fully set forth herein;

7.1 DEFENDANTS jointly and severally, filed documents to OCIL in Bermuda, as described in Theodore Henke's sworn to Affidavit, and had funds sent to its bank in New York, New York, and eventually paid insurance claims out its treasury department. DEFENDANTS knowingly, intentionally and recklessly misapplies the property it held as a fiduciary to pay injury claims under the K-Resin settlement accruals, and the undisclosed binding settlement agreement with the "union" and OSHA in violation of 32.01 Section 32.45 (a) (A) (B) (C)(D)(2)(A)(B)(b).

7.2 DEFENDANTS jointly and severally, received settlement funds form Phillips Petroleum (ConocoPhillips), and eventually paid insurance claims out its trust(S) with tax exemption.

 7.2.1 DEFENDANTS, jointly and severally knowingly, intentionally and recklessly misapplies the property it held as a fiduciary to pay injury claims, and long term disability under the undisclosed

binding settlement agreement with the "union" and OSHA in violation of 32.01 Section 32.45 (a) (A)
(B) (C)(D)(2)(A)(B)(b).

7.3 DEFENDANTS joint and severally, and especially Phillips 66 Company and ConocoPhillips
deceptively and fraudulently enter records to the Social Security Administration  by entering
information into government computers knowing and intentionally  in violation of Section  32.42 (7) (c-
1) .

7.4 DEFENDANTS jointly and severally, and as subsidiaries of ACE LIMITED remove Plaintiff to
Federal court while knowing other members of the "ACE GROUP" had not answered the process of
service in the 20 days allowed.( DEFENDANT ACE AMERICAN INSURANCE  COMPANY would
admit in court records that three defendants had never answered in District Court)  DEFENDANT OCIL
would later show up in federal court, to finally appear on the party list when it time to ask for dismissal.
A decision was issued in the case in three and a half weeks, with all of the defendants in the original
filings by Plaintiff were dismissed. This subverted fraud caused Plaintiff to receive to receive a
memorialized adverse decision by committing fraud on the court

7.5 DEFENDANTS, jointly and severally ,and the  Commissioner were dismissed without appearing.
The Commissioner of Insurance has a duty to defend the Insurance codes and laws for the State of Texas
and to assure that Insurance companies are not harming Texas citizen by operating in the State of Texas
without proper certification and authority. The State of Texas is owed franchise and premium taxes.
Plaintiff request  Attorney General  initiate an investigation  by DEFENDANTS in the federal case 4:13
cv-00554 for Fraud on the Court as it relates to 32.46 (a)(1)(2)(7).

7.6 DEFENDANTS OCIL in an affidavit in federal court by Thomas Henke stated that OCIL had
nothing to with Texas and did no business in Texas. In fact,OCIL insured Chevron Phillips Chemical

Company's parent company in Bermuda. OCIL participated in during the business of insurance in violation of Texas Insurance Code 101.102. OCIL presented fraudulent information to the courts.

7.7 Plaintiff learned on August 1, 2014 that information had been provided to the Medicare contractor that Plaintiff had received a settlement on or about February 14, 2014.

7.8 Plaintiff has no knowledge of a settlement for his LTD claim or injury claims with Defendants. Someone has entered fraudulent information into a government computer The AG of Texas should request for the Justice Department to investigate this fraudulent activity,

7.9 DEFENDANT PHILLIPS 66 COMPANY entered into the Social Security records that Plaintiff worked for Phillips 66 Company in 1981. ConocoPhillips Company entered into Social Security computers that Plaintiff SCOTTIE JONES worked for DEFENDANT CONOCOPHILLIPS IN 1980. Plaintiff requests that Texas Attorney General request an investigation with the Justice Department, Internal Revenue Service, Security and Exchange Commission, and the Federal Trade Commission. The non-entity and trade name Phillips 66 Company (Phillips 66 Company was not listed as a Phillips entity prior to 2011) and OCAW had a non *bona fided* collective bargaining agreement (CBA) until the non-entity Phillips Chemical Company in 1996. Phillips 66 was a brand name and trade mark until 2011.

7.10 None of these entities meet the Multiple Employer Welfare Arrangement t(MEWA) under ERISA 3 (40) (A) 3 (i),4(i)(ii)(iii0(vii),4 (c ) 1 (i)(ii) 2, 3 as a *bona fided* collected bargaining agreement.

7.11 When Phillips Petroleum Company formed a partnership with Daelim Industrial Limited of Korea in or about  1999 and Phillips Sumika Polypropylene Company in 1994, Phillips Petroleum Company was participating in a MEWA.

# SIX CAUSE OF ACTION; OBSTRUCTION OF JUSTICE- 18 U. S. CODE § 1505,- 18 U. S.1506 THEFT or alteration of record

Plaintiff re-alleges and incorporate each allegation contained in paragraph 3.1- 64, thru 8.10, along with the facts contained in the attached affidavit as if fully set forth herein;

9.1 Plaintiff learned on August 1, 2014 that information had been provided to the Medicare contractor that Plaintiff had received a settlement on or about February 14, 2014.

9.2 Plaintiff has no knowledge of a settlement of his request for unpaid Long Term Disability (LTD) or injury claims that with Defendants. Someone has entered fraudulent and false information into a government computer. If this false and misleading information entered in court and other administrative proceeding that would cause a judgment to be made void or reversed, would affect the rule of law, and would tilt the scales of justice.

9.3 DEFENDANTS jointly and severally removed the case 2012-73083, SCOTTIE JONES v, Eleanor Kitzman, Re Defendants as Scottie Jones v, Ace American Insurance Company as a proprietary case instead of including all of the parties. The defendants who did not answer the original petition would then enter the removed case in the federal court The Commissioner was removed from the style without appearing.

9.4 The Commissioner of Insurance has a duty to defend the Insurance codes and laws for the State of Texas and to assure that Insurance companies are not harming Texas citizens by operating in the State of Texas without proper certification and authority. The State of Texas is owed franchise and premium taxes.

9.5 DEFENDANTS, jointly and severally has removed and falsified court record, affected the process, causing a judgment to be rendered to person snot privy or consenting to the same in violation of Plaintiff request Attorney General initiate an investigation by DEFENDANTS in the federal case 4:13 cv-00554 for Fraud on the Court and Obstruction of Justice U.S. Code § 1506.

## **RESULTING LEGAL DAMAGES AND OPPORTUNITY TO CURE**

10.1 Plaintiff SCOTTIE JONES is entitled to the actual damages resulting both jointly and severally from Defendants violations of the law. These damages are the consequential damages to the economic welfare from the wrongful denial and delay of benefits, the mental anguish, fear of the future, ongoing physical suffering resulting from the wrongful actions and denial of benefits, and continued impact on the medical evaluation, treatment and final diagnosis of all the other actual damages permitted by law. In addition, Plaintiff SCOTTIE JONES is entitled to compensatory and exemplary damages in the SUM of Thirty Million Dollars ($30,000,000.) from Defendants both jointly and severally

10.2 Pay Medicare Care al back payments made for the past Medicare and treatment foe Plaintiff.

10.3 Correct all fraudulent entries to Plaintiff Medicare and Social Security records. and create a Medicare Set Aside Account for all future charges that may occur to Plaintiff and to Medicare.

10.4 Take proper corrective actions in regards to issued involved so that the Department of Labor and the Justice Department will not litigate.

10.5 Unauthorized Defendant pays back the State of Texas all fees and premium taxes for operating illegally in the state.

10.6 Defendant insurers to waive all state and federal or any other subrogation rights to claims made to Plaintiff.

10.7 Defendants to donate $100,000.00 Dollars to two nonprofits chosen by the plaintiff within six months of the settlement.

10.8 Defendants are to request to the Judge of Said court to agree to the terms of the settlement with the Plaintiff.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully request that Plaintiff have judgment against Defendants for actual damages jointly and severally in excess of minimum jurisdictional limits

of this Court, pre-and post-judgment interest as allowed by law, cost of suit and all other relief, at or inequity, to which SCOTTIE JONES, and the natural person Scottie Jones may be entitled.

JURY DEMAND

Plaintiff JONES hereby demand a trial by jury and tenders the necessary fee, a right enshrines in the Constitution of the United States of America and the State of Texas, and preserved by the sacrifices of many.

SCOTTIEJONES
7816 KING ST.
HOUSTON ,TEXAS 77028
SJ4938@YAHOO.COM

832-525-4747