IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SCOTTIE JONES | § | |
| | § | |
| V. | § | A-14-CV-0761-DAE |
| | § | |
| CHEVRON PHILLIPS CHEMICAL | § | |
| COMPANY LP HEALTH AND | § | |
| WELFARE TRUST, ET AL. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE DAVID EZRA
      SENIOR UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Aetna Life Insurance Company's Rule 12(b)(6) Motion to Dismiss (Dkt. No. 6); Defendant ACE Tempest Re USA, LLC's Rule 12(b)(6) Motion to Dismiss (Dkt. No. 8); Defendants Peter Celia, David Heinsohn, Brent Heintzelman, and William Stanley's Rule 12(b)(6) Motion to Dismiss (Dkt. No. 10); Defendants USW LOCAL 13-227 and Michael Harrison's Motion to Dismiss (Dkt. No. 14); Defendants James Hughes III and Jeffrey Sheets' Rule 12(b)(5) and 12(b)(6) Motion to Dismiss (Dkt. No. 15); Plaintiffs [Motion] to Strike All Defendants' Admissions, Orders, Motions, and Pleadings (Dkt. No. 18); and Defendants' Joint Reply to Plaintiffs Response to Defendants' Motions to Dismiss (Dkt. No. 22). The District Court referred the above-motions to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  GENERAL BACKGROUND

Plaintiff Scottie Jones ("Jones") filed this lawsuit on August 13, 2014, against eighteen different defendants and "ALL KNOWN AND UNKNOWN" defendants alleging that he was injured in an explosion that occurred while he was working at a chemical plant in Harris County, Texas on March 27, 2000.  Jones' Complaint alleges (1) civil conspiracy in violation of 18 U.S.C. § 664 and § 1027; (2) money had and received; (3) violations of the Texas Insurance Code[1] "as it relates to the Sherman Anti-Trust Act;" (5) fraud under Chapter 32 of the Texas Penal Code; (6) obstruction of justice and theft in violation of 18 U.S.C. § 1505 and § 1506.

This is not the first lawsuit that Jones has filed in federal court regarding the chemical plant explosion and related insurance claims.  *See Bradley, Jones, et al v. Phillips Chemical Co. Conoco Phillips, et al.*, No. 4:05-CV-3912 (S.D. Tex.) (multi-plaintiff action alleging violations of the RICO Act, Texas Labor Code, fraud, conspiracy, civil assault, negligence and loss of consortium); *Jones v. Ace Am. Ins. Co, at al.,* No. 4:13-CV-554 (S.D. Tex.) (alleging violations of the Texas Insurance Code, breach of duty of good faith and fair dealing, and DTPA).  Both of these lawsuits were dismissed.  *See* Final Judgment in *Bradley*, No. 4:05-CV-3912 (S.D. Tex. Dec. 18, 2007) (granting motions to dismiss), *aff'd,* 337 F. App'x 397 (5th Cir. 2009); and Final Dismissal in *Jones*, No. 4:13-CV-554 (S.D. Tex. Mar. 28, 2013).

Defendants Aetna Life Insurance Company (Dkt. No. 6), Ace Tempest RE USA, LLC (Dkt. No. 8), Peter Cella, David Heinsohn, Brent Heintzelman and William Stanley (Dkt. No. 10), USW LOCAL 13-227 and Michael Harrison (Dkt. No. 14) and  James Hughes III and Jeffrey Sheet (Dkt. No. 15) (collectively "Defendants") have each filed separate Motions to Dismiss under Federal Rule

---

[1] Jones also references the Texas Labor Code but fails to cite to a valid section of that statute.

of Civil Procedure 12(b)(6) arguing that Jones' lawsuit should be dismissed because (1) Jones' claims under 18 U.S.C. §§ 664, 1027, 1505 and 1506, and the Texas Insurance Code do not provide for a private right of action; (2) all of the claims are barred by applicable statutes of limitations; (3) the claims are barred by res judicata; (4) no facts are alleged to support any of the claims; and (5) the Complaint fails to state a cognizable legal theory. Instead of responding to any of Defendants' arguments, Jones has simply filed an "Order to Strike all Defendants Admissions, Orders, Motions and Pleadings" (Dkt. No. 18). Jones' Motion to Strike is entirely without merit and is therefore **DENIED**.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss under 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although

a plaintiff's factual allegations need not establish the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," that must be performed in light of a court's "judicial experience and common sense." *Id.* at 679. In deciding a motion to dismiss, courts may consider the complaint, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

When considering a motion to dismiss, courts hold *pro se* litigants, such as Jones, to a less stringent standard than those represented by counsel. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Nevertheless, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (internal citation and quotation marks omitted).

### III. ANALYSIS

Although there are five separate Motions to Dismiss before the Court, the Motions all essentially make the same arguments for dismissal: (1) Jones' claims under 18 U.S.C. §§ 664, 1027, 1505 and 1506, and the Texas Insurance Code must be dismissed because those statutes do not provide for a private right of action; (2) all of Jones' claims are barred by applicable statutes of limitations; (3) Jones' claims are barred by res judicata; (4) Jones' fails to allege any facts supporting any of his claims; and (5) Jones' Complaint fails to state a cognizable legal theory. As noted above, instead of filing a Response to the Motions, Jones has filed a Motion to Strike and two other confusing pleadings that do not specifically address any of Defendants' arguments. Because Jones is proceeding *pro se*, however, the Court will carefully address of Defendants' arguments below.

**A.      No Private Right of Action**

Jones' Complaint alleges federal statutory claims under 18 U.S.C. §§ 664, 1027, 1505 and 1506. These, however, are criminal statutes that do not create a private right of action. "It is well established that criminal statutes do not provide a basis for liability in a civil action. . . . " *Thornton v. Merchant*, 2011 WL 147929, *13 (S.D. Tex. Jan.18, 2011) (Atlas, J.) (citing *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) (holding that various sections of Title 18 are "criminal in nature and provide no civil remedies.")). *See also, Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001) (holding that private rights of action to enforce federal law must be created by Congress; courts may not create a cause of action absent statutory intent). Accordingly, Jones' claims under 18 U.S.C. §§ 664, 1027, 1505 and 1506 must be dismissed. *See Lee v. Butts*, 2012 WL 3115006, at * 3 (S.D.N.Y. Aug. 1, 2012) (holding that there is no private cause of action under 18 U.S.C. § 664); *Green v. Nat'l Grid*, 2010 WL 3369548, at * 9 (W.D.N.Y. Aug. 24, 2010) (same as to § 1027); *Moreno v. Curry*, 2006 WL 3207984, * 2 (N.D. Tex. Nov. 7, 2006) (same as to § 1506); *Boisjoly v. Morton Thiokol, Inc.*, 706 F. Supp. 795, 807 (D. Utah 1988) (same as to § 1505).

Similarly, Chapter 32 of the Texas Penal Code does not create a private cause of action. *Kiggundu v. Mortgage Elec. Registration Sys., Inc.*, 2011 WL 2606359, * 6 n. 79 (S.D. Tex. June 30, 2011) (dismissing fraud claim brought under Texas Penal Code § 32.47(d) since the Texas Penal Code does not create a private right of action), *aff'd,* 469 F. App'x 330 (5th Cir. 2012). Thus, Jones' fraud claim under Chapter 32 of the Texas Penal Code also fails to state a claim. Likewise, Jones' claim under the Texas Insurance Code, alleging that Defendants failed to obtain a certificate of authority to act as an insurer also does not create a private right of action, and may only be enforced by the Texas Attorney General. *See* TEX. INS. CODE § 846.061 (Vernon 2009). Thus, Jones' Texas Insurance Code claim also fails to state a claim.

**B.     Statute of Limitations**

Jones' remaining claims are all time-barred. All of Jones' claims arise out of the chemical plant explosion which occurred more than 14 years ago on March 27, 2000, the following settlement agreement, or injury claims filed in 2001. For example, Jones' money had and received claim alleges that "DEFENDANTS Chevron Phillip Chemical Company LP knew that insurance settlements and funds obtained from Phillips, along with its acceptance to indemnify Phillips Petroleum Company rightfully and in good conscience belongs to Plaintiff and other workers injured in the March 27, 2000 fire and explosion." Complaint at p. 20. A money had and received claim under Texas common law has a four year statute of limitations. *Peerless Ins. Co. v. Texas Commerce Bank-New Braunfels, N.A.*, 791 F.2d 1177, 1179 (5th Cir. 1986). Moreover, statutory claims for money had and received are subject to a three year statute of limitations. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004. Thus, this claim is time barred.

Similarly, Jones' purported antitrust claim under Section 4 of the Clayton Act, 15 U.S.C. § 15,[2] is also time-barred. Jones alleges that "Chevron Phillips Chemical Company" failed to obtain a certificate of authority in *2001* when it created an Employer Health and Welfare Benefit Plan. *See* Complaint at p. 21. Thus, Jones' antitrust claim would clearly be barred under the four-year statute of limitations period contained in the statute. *See* 15 U.S.C. § 15(b).

Because all of Jones' claims are either time-barred or rely on statutes that do not provide for a private cause of action, this suit should be dismissed.[3]

---

[2]Jones cites to 15 U.S.C. § 15c, but this section does not create a private right of action. Thus, the Court liberally construed his claim as one brought under 15 U.S.C. § 15.

[3]Because the Court finds that Jones' suit should be dismissed on these grounds, the Court need not address the Defendants' alternative arguments. However, the Court does note in light of his previous litigation that Jones' claims are also likely barred under the doctrines of res judicata and

## IV.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Judge **GRANT** the Motions to Dismiss filed by Defendants Aetna Life Insurance Company (Dkt. No. 6), Ace Tempest RE USA, LLC (Dkt. No. 8), Peter Cella, David Heinsohn, Brent Heintzelman and William Stanley (Dkt. No. 10), USW LOCAL 13-227 and Michael Harrison (Dkt. No. 14), and James Hughes III and Jeffrey Sheet's (Dkt. No. 15), and **DISMISS** this lawsuit in its entirety for failure to state a claim on which relief may be granted.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

---

claim preclusion.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 17th day of December, 2014.

                                          ANDREW W. AUSTIN
                                          UNITED STATES MAGISTRATE JUDGE