UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SCOTTIE JONES, | § | No. AU:14–CV–761–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| CHEVRON PHILLIPS CHEMICAL | § | |
| COMPANY LP HEALTH AND | § | |
| WELFARE TRUST, ET AL., | § | |
| | § | |
| Defendants. | § | |

ORDER ADOPTING REPORT AND RECOMMENDATON OF THE
<u>MAGISTRATE JUDGE</u>

Before the Court is a Report and Recommendation filed by Magistrate Judge Andrew W. Austin on December 17, 2014. (Dkt. # 37.) Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen days after being served with a copy of the findings and recommendation. Fed. R. Civ. P. 72(b)(2). The Court conducts a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. <u>See</u> 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Report and Recommendation is clearly erroneous or

1

contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).  In the instant case, because no party has objected to the Magistrate Judge's Report and Recommendation, the Court reviews the Magistrate Judge's Report and Recommendation for clear error.[1]

On August 13, 2014, Plaintiff Scottie Jones ("Plaintiff") initiated this lawsuit against eighteen different named defendants and "ALL KNOWN AND UNKNOWN" defendants.  (Dkt. # 1.)  Plaintiff alleges that on March 27, 2000, he was injured in an explosion that occurred while he worked at a chemical plant in Harris County, Texas.  Plaintiff's complaint alleges (1) civil conspiracy in violation of 18 U.S.C. §§ 664 and 1027; (2) money had and received; (3) violations of the Texas Insurance Code "as it relates to the Sherman Anti-Trust Act;" (4) fraud under Chapter 32 of the Texas Penal Code; and (5) obstruction of justice and theft in violation of 18 U.S.C. §§ 1505 and 1506.  This is the third lawsuit Plaintiff has filed in federal court regarding the chemical explosion and related insurance claims.  See Bradley, Jones, et al. v. Phillips Chem. Co. Conoco Phillips, et al., No. 4:05–CV–3912 (S.D. Tex. 2005) (alleging violations of the RICO Act, Texas Labor Code, fraud, conspiracy, civil assault, negligence, and loss of

---

[1] The Court notes on December 30, 2014, after the Magistrate Judge issued the instant Report and Recommendation, Plaintiff filed a "Motion to Deny Named Defendants" and a Motion to Dismiss.  (Dkt. # 45.)  However, because that Motion was filed before Plaintiff received a copy of the Report and Recommendation on January 16, 2015 (Dkt. # 52), the Court does not construe the Motion as objections to the Report and Recommendation.

2

consortium); Jones v. Ace Am. Ins. Co., et al., No. 4:13–CV–554 (S.D. Tex. 2013) (alleging violations of the Texas Insurance Code, breach of duty of good faith and fair dealing, and the DTPA).  Both of these lawsuits were dismissed.  See Bradley v. Phillips Chem. Co., 337 F. App'x 397 (5th Cir. 2009) (affirming dismissal); Jones v. Ace Am. Ins. Co., et al., No. 4:13–CV–554 slip op. (S. D. Tex. Mar. 28, 2013).

On September 15, 2014, Defendant Aetna Life Insurance Company ("Aetna") filed a Rule 12(b)(6) Motion to Dismiss.  (Dkt. # 6.)  On September 16, 2014, Defendant ACE Tempest RE USA, LLC ("ACE") filed a Rule 12(b)(6) Motion to Dismiss.  (Dkt. # 8.)  On September 17, 2014, Defendants Peter Cella, David Heinsohn, Brent Heintzelman, and William Stanley filed a Rule 12(b)(6) Motion to Dismiss.  (Dkt. # 10.)  On September 24, 2014, Defendants USW Local 13-227 and Michael Harrison filed a Rule 12(b)(6) Motion to Dismiss.  (Dkt. # 14.)  The same day, Defendants James F. Hughes, III and Jeffrey Sheets filed a Motion to Dismiss under Rules 12(b)(5) and 12(b)(6).  (Dkt. # 15.)  On October 3, 2014, Plaintiff filed a "Motion to Strike All Defendants Admissions, Orders, Motions, and Pleadings."  (Dkt. # 18.)  On October 10, 2014, Defendants filed a joint reply to Plaintiff's response.  (Dkt. # 22.)  On October 14, 2014, the Court referred the Motions to United States Magistrate Judge Andrew W. Austin.  On December 17, 2014, Magistrate Judge Austin issued the Report and Recommendation

3

recommending this Court grant Defendants' Motions and dismiss this lawsuit in its entirety for failure to state a claim upon which relief may be granted.  (Dkt. # 37.)

After careful consideration, the Court adopts the Magistrate Judge's Report and Recommendation.  The Court finds that the Magistrate Judge's conclusions are neither clearly erroneous nor contrary to law.  Defendants argue that Plaintiff's lawsuit should be dismissed because (1) 18 U.S.C. §§ 664, 1027, 1505, and 1506 and the Texas Insurance Code do not provide for a private right of action; (2) all of the claims are barred by applicable statutes of limitations; (3) the claims are barred by res judicata; (4) no facts are alleged to support any of the claims; and (5) the complaint fails to state a cognizable legal theory.

Plaintiff's complaint alleges federal statutory claims under 18 U.S.C. §§ 664, 1027, 1505 and 1506.  However, as the Magistrate Judge noted, these are criminal statutes that do not create a private cause of action.  See Thornton v. Merchant, No. H–10–0616, 2011 WL 147929, at *13 (S.D. Tex. Jan. 18, 2011) (citing Hanna v. Home Ins. Co., 281 F.2d 298, 303 (5th Cir. 1960)).  Moreoever, other district courts have found that these specific statutes do not create a private cause of action.  See Lee v. Butts, No. 11–CV–2358(LBS)(AJP), 2012 WL 1335006, at *3 (S.D.N.Y. Aug. 1, 2012) (holding that there is no private cause of action under 18 U.S.C. § 644); Green v. Nat'l Grid, No. 07–CV–60S, 2010 WL 3369548, at *9 (W.D.N.Y. Aug. 24, 2010) (holding that there is no private cause of

action under 18 U.S.C. § 1027); Moreno v. Curry, No. 4:06–CV–238–Y, 2006 WL 3207984, at * 2 (N.D. Tex. Nov. 7, 2006) (holding that there is no private cause of action under 18 U.S.C. § 1506); Boisjoly v. Morton Thiokol, Inc., 706 F. Supp. 795, 796 (D. Utah 1988) (holding that there is no private cause of action under 18 U.S.C. § 1505). Thus, the Court finds that the Magistrate Judge's conclusion that Plaintiff cannot state a claim under these sections is reasonable.

Plaintiff's complaint also alleges causes of action under the Texas Penal Code and the Texas Insurance Code. As the Magistrate Judge noted, the Texas Penal Code does not create a private cause of action. See Kiggundu v. Mortg. Elec. Reg. Sys., Inc., No. 4:11–1068, 2011 WL 2606359, at *6 n.79 (S.D. Tex. June 30, 2011) aff'd by 469 F. App'x 330 (5th Cir. 2012). Additionally, the Texas Insurance Code may only be enforced by the Texas Attorney General. See Tex. Ins. Code § 846.061. Thus, the Court finds that the Magistrate Judge's conclusions that Plaintiff cannot state a claim under the Texas Penal Code or the Texas Insurance Code are reasonable.

As to Plaintiff's remaining claims, the Magistrate Judge concluded that they are time-barred by the applicable statutes of limitation. The Magistrate Judge so concluded because all of Plaintiff's claims arise out of a chemical plant explosion which occurred nearly fifteen years ago on March 27, 2000. As the Magistrate Judge noted, money had and received claims are subject to a four-year

statute of limitations.  Amooc Prod. Co. v. Smith, 946 S.W.2d 162, 165 (Tex. App.—El Paso 1997).  Similarly, the Magistrate Judge concluded that Plaintiff's purported anti-trust claim under Section 4 of the Clayton Act, 15 U.S.C. § 15, is also time-barred by the four-year statute of limitations.  15 U.S.C. § 15b.  Thus, the Court finds that the Magistrate Judge's conclusion that Plaintiff's money had and received claim and his anti-trust claim are time-barred is reasonable.

For the reasons given, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 37) as the opinion of the Court.  The Court **GRANTS** the Motions to Dismiss filed by Defendants Aetna Life Insurance Company (Dkt. # 6); Ace Temptest RE USA, LLC (Dkt. # 8); Peter Cella, David Heinsohn, Brent Heintzelman, and William Stanley (Dkt. # 10); USW LOCAL 13-227 and Michael Harrison (Dkt. # 14); and James Hughes, III and Jeffrey Sheets (Dkt. # 15).  The Court **DISMISSES** this lawsuit in its entirety for failure to state a claim upon which relief may be granted.  The Court **DENIES AS MOOT** all remaining pending motions in this case.

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, February 2, 2015.

_____
David Alan Ezra
Senior United States Distict Judge